UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMOUNT MALCOLM SAPP,

        Plaintiff,

                                         CASE NO. 2:15-CV-12378
v.                                         HONORABLE SEAN F. COX

DEPUTY SHERIFF EDINGTON, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    INTRODUCTION**

Lamount Malcolm Sapp ("Plaintiff"), currently confined at the Midland County Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that his constitutional rights were violated when he was confined at the Sanilac County Jail in April, 2015. He alleges that Sanilac County Deputy Sheriff Edington told other jail inmates that he was a cooperating witness/federal informant thereby risking his safety. He further alleges that the Sanilac County Sheriff is also responsible for such conduct. He sues Deputy Sheriff Edington in his personal and official capacity and sues the Sanilac County Sheriff in his official capacity. He seeks monetary damages. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

**II.    DISCUSSION**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United

2

States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

    **A.**    **Claims Against Deputy Sheriff Edington**

Plaintiff alleges that Deputy Sheriff Edington violated his constitutional rights by telling other jail inmates that he was a cooperating witness/informant thereby placing his safety at risk. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004); *see also Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (ruling that verbal threats and abuse made in retaliation for filing grievances are not actionable). Plaintiff's allegations of verbal harassment or threats thus fail to state a claim upon which relief may be granted under § 1983.

Under the Eighth Amendment, however, prison or jail officials "have an affirmative duty to protect inmates from violence perpetrated by other prisoners." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). To state an Eighth Amendment claim, a plaintiff must allege facts showing that the defendant's conduct amounted to "deliberate indifference" to a known risk of harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Identifying an inmate as an informant or labeling him or her as a "snitch" may constitute deliberate indifference to the safety of the inmate. *See, e.g., Comstock v. McCrary*, 273 F.3d 693, 699, n. 2 (6th Cir. 2001) (acknowledging that being labeled a snitch could make the inmate a target for prison attacks); *see also Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

The United States Court of Appeals for the Sixth Circuit has ruled that to state a claim for deliberate indifference under the Eighth Amendment in such a context, a plaintiff must allege, and ultimately establish, that he or she suffered physical harm as a result of being labeled a snitch. *See Thompson v. Mich. Dep't of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where plaintiff's claim that he was endangered by being labeled a snitch was unsupported by any allegation of harm); *Yaklich*, 148 F.3d at 600-01 (plaintiff failed to state an Eighth Amendment claim based upon inmate threats where he alleged no physical injury); *White v. Trayser*, No. 10-CV-11397, 2011 WL 1135552, *5 (E.D. Mich. March 25, 2011) (plaintiff failed to state an Eighth Amendment claim where he alleged that defendant endangered his life by thanking him for information about illegal contraband in the presence of other inmates but failed to allege that he suffered any physical injury); *Catanzaro v. Mich. Dep't of Corrections*, No. 08–11173, 2009 WL 4250027, *11 (E.D. Mich. Nov. 19, 2009) ("an Eighth Amendment deliberate indifference claim must be grounded in an actual physical injury"); *Gibbs v. Ball*, 2009 WL 331604, *4 (E.D. Mich. 2009) (no Eighth Amendment violation where plaintiff was labeled a "rat," but did not show actual physical injury).

In this case, Plaintiff neither alleges nor establishes that he suffered any physical harm as a result of Deputy Sheriff Edington's alleged improper comments about his cooperation with the authorities. He presents no facts or documentation to show that he was assaulted or injured by fellow inmates or anyone else at the Sanilac County Jail. Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 in his complaint.

### B. Claims Against the Sanilac County Sheriff

Plaintiff also names the Sanilac County Sheriff as a defendant in this action. Plaintiff, however, does not allege any facts demonstrating his personal involvement in the events giving rise

4

to this action. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff does not allege any facts to show that the Sanilac County Sheriff personally engaged in unconstitutional conduct. He thus fails to state a claim upon which relief may be granted under § 1983 as to the Sanilac County Sheriff for this additional reason.

## III.   CONCLUSION

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Lastly, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: July 31, 2015                                    S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge


I hereby certify that on July 31, 2015, the foregoing document was served on counsel of record via electronic means and upon Lamount Sapp via First Class mail at the address below:
Lamount Sapp 32080039
Midland County Jail
105 Ice Drive
Midland, MI 48640

                                                        S/ J. McCoy
                                                        Case Manager